# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.H., A.H.-1, and A.H.-2**

**No. 20-0072** (Randolph County 19-JA-51, 19-JA-52, and 19-JA-53)

**FILED**

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.H., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's December 30, 2019, order terminating her parental rights to J.H., A.H.-1, and A.H.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Melissa T. Roman, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period and in terminating her parental rights without imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner engaged in substance abuse that negatively affected her ability to parent and depended on the children's grandfather to provide care for the children. According to the DHHR, petitioner's home was in a deplorable condition with "trash piled in the parents' bedroom" and "[r]oaches . . . crawling on the floors and walls." The DHHR alleged that the grandfather bruised J.H. with a paddle when he learned that the child had been suspended from school. Additionally, A.H.-2 had braces, but she reported that she had not been to a dentist for two to three years. She further reported

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Because two of the children share the same initials, we refer to them as A.H.-1 and A.H.-2 throughout this memorandum decision.

1

that her grandfather had to cut a loose wire from the braces "so [the wire] wouldn't cut her mouth anymore." Petitioner waived her preliminary hearing.

Petitioner did not contest the allegations in the petition and, in July of 2019, stipulated that she had a substance abuse problem that affected her ability to parent. The circuit court accepted her stipulation and adjudicated her as an abusing parent. The circuit court also granted petitioner supervised visitation, provided that she tested negative for controlled substances during random drug screening. Thereafter, petitioner moved for a post-adjudicatory improvement period. The circuit court granted petitioner a three-month post-adjudicatory improvement period in August of 2019. Petitioner submitted a sample for drug screening following that hearing and tested positive for methamphetamine, amphetamine, ecstasy, and marijuana.

The circuit court held a review hearing in November of 2019. Petitioner did not appear for this hearing but was represented by counsel. At that hearing, the DHHR presented testimony that petitioner failed to participate in any of the recommended services, including parenting and adult life skills classes, supervised visitation, or random drug screening. Based on the evidence presented, the circuit court found that petitioner had not participated in any services since the improvement period was granted and concluded that her post-adjudicatory improvement period was unsuccessful.

In December of 2019, the circuit court held a dispositional hearing, and petitioner appeared. Petitioner testified that she failed to comply with her improvement period due to financial constraints, such as an inability to pay for a working cellphone, that limited her ability to participate in the random drug screening program. However, petitioner acknowledged that she could have taken other avenues to participate in the required drug screening but failed to do so. Petitioner further admitted that she received messages from service providers who were attempting to initiate services, but she did not respond to those messages and, therefore, failed to schedule those services. Petitioner explained that she maintained consistent employment for the past five years and currently worked twenty-five to twenty-eight hours per week. Petitioner asserted that she last used methamphetamine "about a month" prior to the dispositional hearing, but she had not participated in any substance abuse rehabilitation programs or counseling. Ultimately, the circuit court found that petitioner "made no effort to initiate participation" in her case plan since the November of 2019, review hearing and "made no effort to address [her] drug issue." Further, the circuit court found that petitioner had not visited the children since they were removed from her custody in May of 2019. Accordingly, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination was necessary for the children's welfare. The circuit court terminated petitioner's parental rights by its December 30, 2019, order. Petitioner now appeals that order.[2]

The Court has previously held:

---

[2]The father's parental rights were also terminated below. According to the parties, the children have been separated due to their aggressive behaviors. The permanency plans for J.H. and A.H.-1 are adoption in their respective foster placements. Currently, A.H.-2 is participating in a treatment program with a permanency plan for adoption by foster parents to be identified following the completion of that program.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period. Petitioner asserts that she testified at the dispositional hearing that she would fully participate in a second improvement period, had been sober for one month, and was currently employed. According to petitioner, "despite the poor initial showing [in her post-adjudicatory improvement period, she] showed some promise" by the final dispositional hearing. We find petitioner is entitled to no relief.

West Virginia Code § 49-4-610(3)(B) provides that the circuit court may grant a parent a post-dispositional improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Further, since petitioner was previously granted a post-adjudicatory improvement period during the proceedings, she was required to "demonstrate[] that since the initial improvement period, [she] ha[d] experienced a substantial change in circumstances [and] . . . due to that change in circumstances, [she was] likely to fully participate in the improvement period." W. Va. Code § 49-4-610(3)(D). We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Here, petitioner's self-serving testimony is insufficient to show that she was likely to fully participate in an improvement period. Petitioner failed to participate in any services offered by the DHHR following the granting of her post-adjudicatory improvement period. Moreover, petitioner failed to present any evidence that she experienced a substantial change in circumstances that rendered her more likely to fully participate in an improvement period. The circuit court correctly considered petitioner's past performance in her post-adjudicatory improvement period as convincing evidence that she would not comply with services, especially considering any lack of change in her situation. Accordingly, we find that the circuit court did not err in denying petitioner's motion for an improvement period because she failed to meet the requirements of West Virginia Code § 49-4-610.

Petitioner also argues that the circuit court erred in terminating her parental rights to the children. Petitioner correctly states that West Virginia Code § 49-4-604 provides that termination

of a parent's parental rights is the most drastic disposition available to a circuit court. However, she ignores that circuit courts may take this drastic step provided that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination of the parent's parental rights is necessary for the welfare of the children. W. Va. Code § 49-4-604(c)(6). *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). West Virginia Code § 49-4-604(d)(3) provides that there is "[n]o reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Clearly, petitioner failed to respond or follow through with a reasonable family case plan during the proceedings below. Petitioner was granted an improvement period and a case plan was formulated; however, she completely ignored the services offered to her. Petitioner does not attempt to rebut these findings on appeal nor could she. The record, which details petitioner's noncompliance, fully supports the finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected and that termination of petitioner's parental rights was necessary for the children's welfare. Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental rights, rather than to impose a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 30, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison